UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br><br>          *Plaintiff*,<br><br>   v.<br><br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br><br>          *Defendants*. | Case 1:17-cv-01701-RC |

# JOINT STATUS REPORT

Plaintiff Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP"), and Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ"), submit this joint status report in response to the Court's order dated April 9, 2018.

**Plaintiff's Statement/Position**

1.    Background

This case concerns a request submitted by the Reporters Committee under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for records concerning the FBI's impersonation of documentary filmmakers, generally, as well as specific records concerning the FBI's investigation of Cliven D. Bundy ("Bundy") and Gregory Burleson ("Burleson"), during which FBI agents impersonated a documentary film crew—from a fictional "Longbow Productions"—to elicit recorded statements from Bundy, Burleson, and others. *See* Compl., ECF No. 1, ¶¶ 9-12.

Specifically, RCFP's FOIA request seeks the following categories of records:

1. All records that mention 'Longbow' or 'Longbow Productions' since January 1, 2010, including but not limited to email communications, case files, training materials, and contracts;
2. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film

crew by the FBI in connection with any criminal investigation related to *United States v. Burleson*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);

3. The October 2014 video recording of Mr. Burleson made by FBI agents posing as a documentary film crew;

4. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);

5. The 'release form' referenced on Page 2 of the Government's Motion to Strike in *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN), ECF. No. 926 (D. Nev. Nov. 2, 2016);

6. All records, including but not limited to email communications, concerning or referencing any other instances of impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation since January 1, 2010;

7. Records of any 'professional credentials, websites and business cards' used by the FBI agents in connection with the impersonation of a documentary filmmaker and/or a documentary film crew since January 1, 2010; and

8. All records of the FBI's policies and practices concerning the impersonation of documentary filmmakers and/or documentary film crews since January 1, 2010, including records of any changes to those policies and practices.

Compl., ECF No. 1, ¶ 19.

On August 21, 2017, Plaintiff initiated the above-captioned action. *See* Compl., ECF No. 1, ¶ 2. Defendants did not release records or portions thereof in response to Plaintiff's FOIA request prior to the filing of the present lawsuit. *See Id.* at ¶ 35. Defendants filed an answer on September 25, 2017. ECF No. 8. That same day, the Court issued a minute order directing the parties to "meet, confer, and submit a proposed briefing schedule on or before October 10, 2017."

The parties have since met and conferred on a number of occasions, and have previously reported on the status of this matter to the Court as follows:

- In the October 10, 2017 joint status report the FBI informed the Court that it was still conducting searches for records responsive to Plaintiff's request and expected to complete those searches within the next 30 days.

- In the November 22, 2017 joint status report the FBI stated that its search efforts had been complicated, in part, by the location of potentially responsive records in the case file of the then-ongoing prosecution of Bundy in Las Vegas, Nevada: *United States v. Bundy, et al.*, No. 16-cr-00046 (D. Nev.) ("Bundy Prosecution").

- In the January 23, 2018 joint status report, the FBI reported that it had arranged for personnel from FBI headquarters to travel to Las Vegas on January 21, 2018, to collect documents from the Bundy Prosecution case files, copy them, and send them back to FBI headquarters to be reviewed. On January 20, 2018, however, the appropriations to the FBI and DOJ lapsed, and the travel had to be cancelled. The Bundy Prosecution was dismissed with prejudice on January 8, 2018. *See* Judgment of Dismissal, *United States v. Bundy, et al.*, No. 16-cr-00046 (D. Nev.), ECF No. 3117. Thereafter, staff in Las Vegas began copying and sending the case-file materials to FBI headquarters.

- In the March 8, 2018 joint status report the FBI informed the Court that it had made what it asserts is its final release of 28 pages of records responsive to item 8 of Plaintiff's request.

Since the parties' last joint status report to the Court, the parties have met and conferred regarding the status of Plaintiff's FOIA request.

Defendants counsel has represented that, in response to items 1, 2, and 4 of Plaintiff's request, the FBI has obtained a copy of the entire investigative file for the Bundy Prosecution, as well as the entire case file for the prosecution of Burleson, *United States v. Burleson, et al.*, No.

16-cr-00046 (D. Nev.) ("Burleson Prosecution") from the FBI's Las Vegas field office.[1] Defendants' counsel informed Plaintiff that those investigative files total more than 50,000 pages, and that Defendants estimate it would take approximately 13 years for them to review and process those records.

In an effort to reduce the number of pages of records that Defendants would be required to review and process for items 1, 2, and 4 of Plaintiff's request, Plaintiff asked Defendants to run searches within the material they collected from the FBI's Las Vegas field office using the search terms "Longbow" and "Longbow Productions." Defendants' counsel has represented that imposing those parameters yields approximately 20,000 pages of records, which Defendants state would take them approximately 4 years to review and process.

In the interest of further reducing the number of pages of records that Defendants would be required to review and process, Plaintiff asked if Defendants could de-dupe records collected from the FBI's Las Vegas field office; Defendants' counsel indicated that because many of the documents are in hard copy form, they cannot be electronically de-duped. Plaintiff's counsel also proposed that Defendants identify and release responsive records that were used as exhibits during the Bundy and Burleson trials, as those would be already public records that could be released without delay. Defendants' counsel rejected this proposal, indicating that Defendants have no way of determining what exhibits were used at trial.

Plaintiff has asked Defendants to provide information about the types of records it collected from the FBI's Las Vegas field office so that the parties could further meet and confer in an attempt

---

[1] Burleson, one of the armed supporters of Bundy who participated in the 2014 standoff, was tried and convicted in connection with his role; in July 2017, Burleson was sentenced to more than 68 years in federal prison. *See* Compl., ECF No. 1, ¶ 8.

to reduce the number of pages of responsive records Defendants would be required to review. Defendants have not provided any information to Plaintiff that would assist them in that effort.

Defendants' counsel has also stated that the FBI intends to argue that much of the material responsive to items 1, 2, and 4 may be withheld pursuant to FOIA Exemption 7(A). And, specifically, as to item 2, Defendants' counsel has indicated the FBI will assert that the video requested by Plaintiff may be withheld under FOIA Exemption 7(A).

As to item 5, Defendants' counsel has indicated that the FBI is unable to locate the "release form" referenced on Page 2 of the Government's Motion to Strike filed in the Bundy Prosecution.

As to item 7, Defendants' counsel has indicated that the FBI searched its Las Vegas field office, the Criminal Investigative Division, and the Undercover Review Committee and did not locate records responsive to this request. Plaintiff has requested, but Defendants have not provided, specific information regarding the search parameters used by the FBI.

Finally, Defendants' counsel has indicated that there are two items in Plaintiff's FOIA request for which the FBI intends to assert a *Glomar* response pursuant to FOIA Exemption 7(E)— the portion of item 1 that requests records regarding "Longbow Productions" for investigations other than the Bundy and Burleson matters; and item 6.

2.   Plaintiff's Position

Plaintiff strongly disagrees with Defendants' position that the FBI may properly assert a *Glomar* response pursuant to FOIA Exemption 7(E) for a portion of item 1 (specifically, records regarding "Longbow Productions" for investigations other than the Bundy and Burleson matters) and item 6 of Plaintiff's FOIA request. In the interests of efficiency and judicial economy, Plaintiff intends to move the Court for an order bifurcating briefing to enable the parties to brief, and the

Court to resolve, the propriety of Defendants' *Glomar* response without delay. Defendants have indicated they will not oppose this motion.

Plaintiff has conferred with Defendants in good faith in an attempt to reduce the number of records that Defendants would be required to review and process in response for items 1, 2, and 4 of Plaintiff's FOIA request. Plaintiff has made clear to Defendants their continued willingness to consider and agree to reasonable parameters to narrow the scope of records that would need to be reviewed and processed by Defendants. To date, however, Defendants have been unable to provide any information to Plaintiff—such as information about the types of records collected by Defendants from the FBI's Las Vegas field office—that would enable Plaintiff to do so, and have rejected proposals by Plaintiff—such as de-duping, and identifying from among the records Defendants have collected to date those that are public records—as not feasible.

Plaintiff requests that Defendants continue to process the documents it has collected in response to items 1, 2, and 4 of Plaintiff's FOIA request, and remains willing to discuss proposals to reduce the number of pages of records to be reviewed. Plaintiff recognizes that the FBI's "customary rate" of processing and production is 500 documents per month, and seeks the Court's assistance in setting a reasonable timetable for the processing of records responsive to items 1, 2, and 4 of its request that will move this case efficiently towards resolution. *See, e.g., Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 265-69 (D.D.C. 2014) (recognizing that 500 documents per month is the FBI's "customary rate", and that a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline[]"); *see also Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) (noting that "the D.C. Circuit has held that '[t]he FOIA imposes no limits on courts' equitable powers in enforcing

its terms' and 'unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.'" (citation omitted)).

Plaintiff remains concerned about the sufficiency of the FBI's search for response records, for example, Defendants assert that they are unable to locate the single document requested in Plaintiff's FOIA Request (item 5), which was referenced in a publicly-filed court record. Further, the FBI has concluded that it cannot locate records responsive to item 7 of Plaintiff's Request, but has not provided Plaintiff with specific information regarding the search parameters utilized.

**Defendants' Statement/Position**

Defendants largely do not dispute Plaintiff's factual recounting of the parties' discussions to date; but they do object to Plaintiff's statement that Defendants refused to provide information that would allow the parties to negotiate a more targeted universe of responsive records. That accusation is contradicted by Plaintiff's own statement, which acknowledges that the records collected are the investigative files of the Burleson and Bundy matters, that they are incapable of being electronically deduplicated, and that approximately 20,000 pages within those records hit upon the search term "Longbow." In fact, the real reason that the parties have had difficulty narrowing the universe of responsive records is because of the expansive and burdensome nature of Plaintiff's request. That burdensomeness is compounded by the fact that many of the records requested by Plaintiff explicitly relate to the Bundy and Burleson investigations that are still ongoing, meaning that many if not all of those responsive records would be exempt for release by Exemption 7(A). For this reason, Defendant does not believe that the FBI should be required to expend scarce agency resources processing those elements of Plaintiff's request that would take 13 years to fulfill and that would result in the withholding of most responsive information under Exemption 7(A), even while the parties' negotiations about limiting that request remain ongoing.

Defendant does not, however, object to Plaintiff's proposal that the Court bifurcate this matter such that the parties would first brief the FBI's *Glomar* responses based on Exemption 7(E) to portions of item 1 and all of item 6 of Plaintiff's request. Should the Court agree with the parties' bifurcation proposal, it should order the parties to confer and submit a proposed schedule for briefing on the FBI's *Glomar* responses under Exemption 7(E) within 14 days of said order.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS | JESSIE K. LIU, D.C. Bar #472845<br>United States Attorney |
| /s/ Katie Townsend<br>KATIE TOWNSEND, D.C. Bar # 1026115<br>1156 15th Street, NW, Suite 1250<br>Washington, District of Columbia 20005<br>Telephone: 202 795 9300<br>ktownsend@rcfp.org | DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br><br>By: /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar # 991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>johnny.walker@usdoj.gov |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| Dated: April 17, 2018 | |