UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br>   *Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br>   *Defendants*. | Civil Action No. 17-1701 (RC) |

## JOINT STATUS REPORT

Plaintiff, the Reporters Committee for Freedom of the Press ("RCFP"), and Defendants, the Federal Bureau of Investigation ("FBI") and the United States Department of Justice, submit this joint status report in response to the Court's minute order dated October 17, 2019.[1]

1.   On August 21, 2017, Plaintiff filed a complaint alleging that Defendants violated the Freedom of Information Act ("FOIA") by not releasing requested records about the FBI's impersonation of documentary filmmakers and film crews. ECF No. 1, ¶ 2. The request had eight parts. Items 1 through 5 sought records related to the criminal prosecution of Cliven Bundy and Gregory Burleson regarding Bundy's 2014 standoff with law enforcement. Items 6 through 8 sought records beyond the Bundy and Burleson prosecutions. Item 6 requested the production of "[a]ll records . . . referencing any other instance of impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation since January 1, 2010." Item 7 sought the production of "[r]ecords of any 'professional credentials, websites and business cards' used by FBI agents in connection with the impersonation of a

---

[1] This report was due yesterday, November 25, 2019. Undersigned counsel for the FBI attempted several times yesterday evening between the hours of 7:00 p.m. and 10:00 p.m. to file the report using Pacer, but was unable to log in due to apparent technical problems with the Pacer website.

documentary filmmaker and/or a documentary film crew since January 1, 2010." And Item 8 targeted "records of the FBI's policies and practices concerning the impersonation of documentary filmmakers and/or documentary film crews."

2. The FBI issued a *Glomar* response with respect to Items 6 and 7, contending that acknowledging the existence of such records would reveal information protected from disclosure by Exemption 7(E). The parties proposed to file summary judgment motions solely on the propriety of the FBI's *Glomar* response, and the Court adopted that proposal. On March 1, 2019, the Court denied Defendants' motion for summary judgment and granted Plaintiff's cross-motion for summary judgment. *See* Mem. Op. (Mar. 1, 2019).

3. The parties previously filed joint status reports dated March 18, 2019; April 17, 2019; May 17, 2019; June 17, 2019; July 17, 2019; and October 17, 2019 updating the Court on the FBI's ongoing search for potentially responsive records.

4. **Defendants' Position:** The FBI has completed its search with respect to Items 6 and 7 and has reviewed approximately 125,000 pages of potentially responsive records for responsiveness. The FBI can now begin processing records to determine whether they will be released or withheld as exempt.

5. The FBI proposes to process and make an initial release of all non-exempt material for a subset of records on or before January 17, 2020. This subset of records constitutes approximately 90 pages. The remainder of the material which is equal to or greater than one document will be reviewed and processed in accordance with briefing requirements over the next six months. The FBI anticipates completing the processing of this material on or before May 29, 2020. The government anticipates being able to file a summary judgment motion on or before July 31, 2020.

6. Defendant disagrees with Plaintiff's position below that the Court's prior order requires it to reveal sensitive information about the volume of responsive records regarding an undercover law enforcement technique. Indeed, the order indicates precisely the opposite. Contrary to RCFP's reading, the Court's order assumed that the number of responsive records would *not* be revealed, and it was precisely on that basis that the Court rejected the FBI's *Glomar* response. Specifically, the Court concluded that "[s]imply revealing that the FBI has any such records would not allow criminals to discern whether or not the FBI has used the technique to investigate their own, specific activity, because all a criminal would know is the existence of an *unquantified* number of records. For the same reason, acknowledging the existence of records, *without any indication about the number or type of records found*, would not provide any information about the frequency of the technique's use." ECF 29 at 18 (emphases added). RCFP misleadingly twists the Court's order by reading it to require the FBI to disclose the very information that the Court assumed would not be disclosed, even though that assumed nondisclosure was the very basis for the Court's conclusion that the FBI's law enforcement concerns did not necessitate a *Glomar* response. With its motion for summary judgment, the FBI intends to provide the Court *in camera* with all the information necessary to sustain its withholdings of exempt material.

7. **Plaintiff's Position:** The FBI has informed Plaintiff that it refuses to provide the number of pages of records it has identified as responsive to subparts 6 and 7 of Plaintiff's FOIA request because, according to the FBI, doing so would purportedly reveal the "frequency with which the FBI employs the technique" of impersonating documentary filmmakers, which the FBI asserts is information that may be withheld under Exemption 7(E). Plaintiff strongly disagrees with the FBI's position, which, among other things, contravenes this Court's March 1, 2019 Order

denying Defendants' motion for partial summary judgment and granting Plaintiff's partial motion for summary judgment. ECF 29. The Court rejected the FBI's attempt to assert a *Glomar* response to the relevant portions of RCFP's FOIA request under Exemption 7(E). Specifically, the Court held that the fact that the FBI impersonates documentary filmmakers is a "technique" that is known to the public and that "revealing that the FBI has responsive records would establish that it has used the technique" more than once, but that "this would not reduce or nullify the effectiveness of the technique when it is actually used." ECF 29 at 19. Even assuming, *arguendo*, that the frequency with which the FBI "employs the technique" at issue is information that may be withheld under Exemption 7(E), the number of pages of records identified by the FBI as responsive to subparts 6 and 7 of RCFP's FOIA request, alone, does not provide that information. And, without knowing the number of pages of responsive records at issue, Plaintiff will be placed at a significant disadvantage for purposes of summary judgment briefing. Indeed, as the FBI indicates above, it intends to utilize *in camera*, *ex parte* submissions, making clear it intends to handicap to the greatest extent possible Plaintiff's ability to oppose the FBI's motion for summary judgment and cross-move for summary judgment.

8. Accordingly, the FBI proposes to file another joint status report updating the Court on the status of the FBI's processing of RCFP's request on or before January 31, 2020. Plaintiff respectfully requests that the Court schedule a status conference in this matter at its earliest convenience to address the number of records identified as responsive to Plaintiff's FOIA request, as well as a schedule for summary judgment briefing.

Respectfully submitted,

| | |
|---|---|
| THE REPORTERS COMMITTEE FOR<br>  FREEDOM OF THE PRESS | JESSIE K. LIU, D.C. Bar #472845<br>United States Attorney |
| /s/ Katie Townsend<br>KATIE TOWNSEND, D.C. Bar # 1026115<br>1156 15th Street, NW, Suite 1250<br>Washington, District of Columbia 20005<br>Telephone: 202 795 9300<br>ktownsend@rcfp.org | DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br><br>By: /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar # 991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>johnny.walker@usdoj.gov |
| *Counsel for Plaintiff* | |
| Dated: November 26, 2019 | *Counsel for Defendants* |