UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br>*Defendants*. | Civil Action No. 17-1701 (RC) |

## JOINT STATUS REPORT

Plaintiff, the Reporters Committee for Freedom of the Press ("RCFP"), and Defendants, the Federal Bureau of Investigation ("FBI") and the United States Department of Justice, submit this joint status report in response to the Court's minute order dated March 6, 2020.

1. On August 21, 2017, Plaintiff filed a complaint alleging that Defendants violated the Freedom of Information Act ("FOIA") by not releasing requested records about the FBI's impersonation of documentary filmmakers and film crews. ECF 1, ¶ 2. Specifically, RCFP's FOIA request sought the following categories of records:

    1. All records that mention 'Longbow' or 'Longbow Productions' since January 1, 2010, including but not limited to email communications, case files, training materials, and contracts;
    2. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Burleson*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);
    3. The October 2014 video recording of Mr. Burleson made by FBI agents posing as a documentary film crew;
    4. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);

5. The 'release form' referenced on Page 2 of the Government's Motion to Strike in *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN), ECF. No. 926 (D. Nev. Nov. 2, 2016);

6. All records, including but not limited to email communications, concerning or referencing any other instances of impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation since January 1, 2010;

7. Records of any 'professional credentials, websites and business cards' used by the FBI agents in connection with the impersonation of a documentary filmmaker and/or a documentary film crew since January 1, 2010; and

8. All records of the FBI's policies and practices concerning the impersonation of documentary filmmakers and/or documentary film crews since January 1, 2010, including records of any changes to those policies and practices.

Compl., ECF 1, ¶ 19.

2. The FBI issued a *Glomar* response with respect to Items 6 and 7, contending that acknowledging the existence *vel non* of responsive records would reveal information protected from disclosure by Exemption 7(E). The parties proposed to file partial summary judgment motions solely on the propriety of the FBI's *Glomar* response, and the Court adopted that proposal. On March 1, 2019, the Court denied Defendants' motion for partial summary judgment and granted Plaintiff's cross-motion for partial summary judgment as to the propriety of Defendants' *Glomar* response. *See* ECF 29.

3. Thereafter, the parties filed joint status reports dated March 18, 2019; April 17, 2019; May 17, 2019; June 17, 2019; July 17, 2019; October 17, 2019; November 26, 2019; and January 31, 2020 updating the Court on the FBI's search for records responsive to Items 6 and 7 of Plaintiff's FOIA request. In the November 26, 2019 status report, Defendants reported that the FBI had completed its search and "reviewed approximately 125,000 pages of potentially responsive records for responsiveness," and would "begin processing records to determine whether they will be released or withheld as exempt." ECF 36 at ¶ 4.

4.      On January 14, 2020, the FBI provided Plaintiff with its first production of records and/or portions thereof responsive to Items 6 and 7 of Plaintiff's FOIA request. Of the 90 pages reviewed by the FBI in connection with that release, 36 pages were deemed by the FBI to be "responsive." Of those 36 pages deemed "responsive" by the FBI, 10 were redacted/withheld in part citing 5 U.S.C. § 552(b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and 26 were withheld in their entirety citing 5 U.S.C. § 552(b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and b(7)(E).

5.      On February 5, 2020, the Parties appeared for a status hearing and the Court issued a Minute Order the same day ordering that Defendants should submit to the Court, on or before February 12, 2020, sufficient information to conclude that the FBI's pace of record processing is reasonable. The Court ordered the submission to be made *in camera*, *ex parte*, and under seal.

6.      On February 12, 2020, Defendants filed a report *in camera*, *ex parte*, and under seal. ECF No. 39.

7.      **Plaintiff's Position:** The parties appeared for a status hearing on February 5, 2020, in which Defendants represented to Plaintiff and the Court that the FBI would complete processing of records responsive to items 6 and 7 of Plaintiff's FOIA request on or before May 29, 2020. *See also* ECF 38 at ¶ 11 (January 31, 2020 joint status report indicating that "[t]he FBI anticipates completing the processing of this material on or before May 29, 2020."). During meet and confer discussions prior to the filing of this joint status report, Plaintiff's counsel asked counsel for Defendants for an explanation as to why the FBI is now asserting that it will review and process records "over the next six months." *See supra* at ¶ 12. Plaintiff's counsel further pointed out that the FBI's new "six month" estimate for processing conflicts with the July 31, 2020 date the FBI continues to propose as a deadline for its summary judgment motion. In response, counsel for

Defendants stated that "the date change was addressed in the FBI's *in camera* filing in February and we are not authorized to convey that information to Plaintiff."

8. In addition, counsel for Defendants refuses to inform Plaintiff of the date of the next production of records responsive to Plaintiff's FOIA request.  In response to Plaintiff's inquiries, counsel for Defendants stated that she "do[es] not have any additional information that [she] can share about when the FBI might make an additional production, other than to say that the FBI continues to process records."

9. Plaintiff strongly objects to Defendants' continued efforts to keep Plaintiff in the dark regarding the FBI's proposed processing schedule.  As Plaintiff's counsel represented to this Court during the February 5, 2020 status hearing, Defendants' ongoing efforts will place Plaintiff at a significant disadvantage for purposes of summary judgment briefing.  Indeed, Defendants' new, unilateral altering of the FBI's processing schedule only underscores these concerns.

10. Plaintiff also strongly disagrees with Defendants' refusal to engage in any discussions, whatsoever, vis-à-vis a reasonable schedule for a rolling production of records responsive to Plaintiff's FOIA request.  The above-captioned matter has been pending since August 2017, and this Court denied Defendants' motion for partial summary judgment as to the propriety of Defendants' *Glomar* response more than a year ago.  ECF 29.  Since that ruling, the FBI has made a single, 10-page production of records; that production was made more than two months ago.  Plaintiff now understands from Defendants' counsel that the FBI's Records Management Division ("RMD") is closed through March 30, 2020 due to concerns related to the ongoing coronavirus outbreak.  Plaintiff respectfully requests that the Court order the parties to meet and confer to discuss a reasonable schedule for the production of responsive records in this

matter that accounts for any delay due to the closure of RMD through March 30, 2020, and to propose such a schedule to the Court on or before April 15, 2020.

11. **Defendants' Position:** The FBI has completed its search with respect to Items 6 and 7 and has reviewed approximately 125,000 pages of potentially responsive records for responsiveness. The FBI has begun processing the records from this pool that were found to be responsive to determine whether they will be released or withheld as exempt.

12. The FBI reviewed the initial subset of 90 pages and released the non-exempt material to Plaintiff on January 14, 2020. The remainder of the material, which is equal to or greater than one document, will be reviewed and processed over the next six months in accordance with briefing requirements. The FBI anticipates completing the processing of this material and filing a motion for summary judgment on or before July 31, 2020.

13. The undersigned Assistant United States Attorney understands from the FBI that, as if the date of this filing, the agency's Records Management Division ("RMD") is closed at least until March 30, 2020 because of the current coronavirus outbreak. At this time, the FBI is not able to predict whether the RMD closure will affect its anticipated date of completion for processing the aforementioned records.

14. As discussed in prior JSRs, Defendant disagrees with Plaintiff's position that the Court's prior order requires it to reveal sensitive information about the volume of responsive records regarding an undercover law enforcement technique. With its motion for summary judgment, the FBI intends to provide the Court *in camera* with all the information necessary to sustain its withholdings of exempt material. *See* ECF No. 38 at ¶ 12.

15. The parties propose to file another joint status report updating the Court on the status of the FBI's processing of RCFP's request on or before May 19, 2020.

| | |
|---|---|
| Respectfully submitted,<br>THE REPORTERS COMMITTEE FOR<br>  FREEDOM OF THE PRESS<br>/s/ *Katie Townsend*<br>KATIE TOWNSEND, D.C. Bar # 1026115<br>JENNIFER A. NELSON, D.C. Bar #1011387<br>1156 15th Street, NW, Suite 1020<br>Washington, District of Columbia 20005<br>Telephone: 202 795 9300<br>ktownsend@rcfp.org<br>jnelson@rcfp.org<br>*Counsel for Plaintiff* | TIMOTHY J. SHEA, D.C. Bar No. 437437<br>United States Attorney<br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br>By:   /s/ *Sian Jones*<br>SIAN JONES, D.C. Bar No 1024062<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2578<br>Sian.jones@usdoj.gov<br>*Counsel for Defendants* |

Dated: March 17, 2020