UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br>    *Plaintiff*,<br>v.<br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br>    *Defendants*. | Civil Action No. 17-1701 (RC) |

## JOINT STATUS REPORT

Plaintiff, the Reporters Committee for Freedom of the Press ("RCFP"), and Defendants, the Federal Bureau of Investigation ("FBI") and the United States Department of Justice, submit this joint status report in response to the Court's minute order dated March 18, 2020.

1.  On August 21, 2017, Plaintiff filed a complaint alleging that Defendants violated the Freedom of Information Act ("FOIA") by not releasing requested records about the FBI's impersonation of documentary filmmakers and film crews. ECF 1, ¶ 2. Specifically, RCFP's FOIA request sought the following categories of records:

    1. All records that mention 'Longbow' or 'Longbow Productions' since January 1, 2010, including but not limited to email communications, case files, training materials, and contracts;
    2. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Burleson*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);
    3. The October 2014 video recording of Mr. Burleson made by FBI agents posing as a documentary film crew;
    4. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);

5. The 'release form' referenced on Page 2 of the Government's Motion to Strike in *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN), ECF. No. 926 (D. Nev. Nov. 2, 2016);

6. All records, including but not limited to email communications, concerning or referencing any other instances of impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation since January 1, 2010;

7. Records of any 'professional credentials, websites and business cards' used by the FBI agents in connection with the impersonation of a documentary filmmaker and/or a documentary film crew since January 1, 2010; and

8. All records of the FBI's policies and practices concerning the impersonation of documentary filmmakers and/or documentary film crews since January 1, 2010, including records of any changes to those policies and practices.

Compl., ECF 1, ¶ 19.

2. The FBI issued a *Glomar* response with respect to Items 6 and 7, contending that acknowledging the existence *vel non* of responsive records would reveal information protected from disclosure by Exemption 7(E). The parties proposed to file partial summary judgment motions solely on the propriety of the FBI's *Glomar* response, and the Court adopted that proposal. On March 1, 2019, the Court denied Defendants' motion for partial summary judgment and granted Plaintiff's cross-motion for partial summary judgment as to the propriety of Defendants' *Glomar* response. *See* ECF 29.

3. Thereafter, the parties filed joint status reports dated March 18, 2019; April 17, 2019; May 17, 2019; June 17, 2019; July 17, 2019; October 17, 2019; November 26, 2019; January 31, 2020; and March 17, 2020 updating the Court on the FBI's search for records responsive to Items 6 and 7 of Plaintiff's FOIA request. In the November 26, 2019 status report, Defendants reported that the FBI had completed its search and "reviewed approximately 125,000 pages of potentially responsive records for responsiveness," and would "begin processing records to determine whether they will be released or withheld as exempt." ECF 36 at ¶ 4.

4.      On January 14, 2020, the FBI provided Plaintiff with its first production of records and/or portions thereof responsive to Items 6 and 7 of Plaintiff's FOIA request. Of the 90 pages reviewed by the FBI in connection with that release, 36 pages were deemed by the FBI to be "responsive." Of those 36 pages deemed "responsive" by the FBI, 10 were redacted/withheld in part citing 5 U.S.C. § 552(b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and 26 were withheld in their entirety citing 5 U.S.C. § 552(b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and b(7)(E).

5.      On February 5, 2020, the Parties appeared for a status hearing and the Court issued a Minute Order the same day ordering that Defendants should submit to the Court, on or before February 12, 2020, sufficient information to conclude that the FBI's pace of record processing is reasonable. The Court ordered the submission to be made *in camera*, *ex parte*, and under seal.

6.      On February 12, 2020, Defendants filed a report *in camera*, *ex parte*, and under seal. ECF No. 39.

7.      On March 18, 2020, the Court issued a Minute Order stating that, "[u]pon consideration of [] the parties' Joint Status Report, [ECF 40] it is hereby ORDERED that the parties, on or before April 2, 2020, meet and confer to discuss a reasonable schedule for the production of responsive records in this matter that accounts for any delay due to the closure of the FBI's Records Management Division through March 30, 2020, and, if the FBI's legal position is that it need not disclose any additional documents, it shall propose an immediate briefing schedule without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing).

8.      **Plaintiff's Position:** The FBI is taking the legal position that it need not disclose any additional documents pursuant to Items 6 and 7 of Plaintiff's FOIA Request. Accordingly,

per the Court's March 18 Minute Order, the parties were to "propose an immediate briefing schedule without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing)." Instead, despite this express order of the Court, the FBI is taking the position that the Court should enter an indefinite stay of this litigation because the processing operations of the FBI's Records Management Division (RIDS) are currently suspended.

9. Regardless of whether the FBI's review and processing of the remaining records is extended as a result of the suspension of RIDS processing operations, there is no basis for the FBI's position that the parties cannot move forward with immediately briefing the relevant legal issues, in accordance with the Court's March 18 Minute Order. The issues to be briefed to the Court are purely legal: *i.e.*, whether Defendants may be permitted to withhold, pursuant to *Glomar*, the number of records it identified as responsive to Items 6 and 7 of Plaintiff's FOIA request, and the purported applicability of certain FOIA exemptions to the records Defendants seek to withhold. Given that employees of RIDS continue to report to work, counsel for the FBI should be able to obtain any limited information from RIDS it requires to promptly brief these legal issues.

10. As detailed to the Court in prior status reports, this matter has been pending since August 2017. *See* ECF 1. This Court denied Defendants' earlier attempt to assert a *Glomar* response to Items 6 and 7 of Plaintiff's FOIA request one year ago. *See* ECF 29. Defendants' proposal for an indefinite stay of this litigation should be rejected.

11. In light of the above, Plaintiff proposes the following:

    a. The parties meet and confer and submit a joint status report no later than April 13, 2020 concerning the status of RIDS processing operations and, relatedly, a

reasonable schedule for the FBI's review and processing of the remaining records; and

    b. The Court enter the following briefing schedule[1]:

        i. <u>Defendants' Motion for Summary Judgment:</u>  May 18, 2020

        ii. <u>Plaintiff's Combined Opposition and Cross-Motion for Summary Judgment:</u>  June 17, 2020

        iii. <u>Defendants' Combined Reply and Opposition to Plaintiff's Cross-Motion for Summary Judgment:</u>  July 8, 2020

        iv. <u>Plaintiff's Reply:</u>  July 29, 2020

12.    **Defendants' Position:**  The FBI has completed its search with respect to Items 6 and 7 and has reviewed approximately 125,000 pages of potentially responsive records for responsiveness. The FBI has begun processing the records from this pool that were found to be responsive to determine whether they will be released or withheld as exempt.  The FBI does not anticipate producing additional records responsive to Items 6 or 7 in this matter.

13.    As detailed in the attached Declaration of Michael G. Seidel ("Seidel Decl."), employees of the FBI's Record/Information Dissemination Section ("RIDS"), where most of the Agency's FOIA review and processing occurs, have been designated not mission-critical and have been sent home as part of the federal government's response to the CODIV-19 pandemic.  Seidel Decl. ¶¶ 4-8.  RIDS currently anticipates that its staff will return to work on a limited basis no

---

[1] During meet and confer discussions, Plaintiff's counsel indicated that it would propose a briefing schedule requiring the FBI to file its motion for summary judgment within 30 days. Apart from the FBI's position that no briefing schedule should be entered, undersigned counsel for the FBI, Ms. Jones, raised concerns about Plaintiff's proposed schedule in light of her other litigation obligations and deadlines in early May.  Accordingly, Plaintiff has adjusted its proposal to provide the FBI an additional 15 days (45 days total) to file its motion for summary judgment.

earlier than April 13, 2020. *Id.* ¶ 8.  Among other things, this means that, until at least April 13th, no production of records pursuant to FOIA will be made by the FBI, whether those productions are in relation to requests in litigation or at the administrative stage. *Id.*  In addition, RIDS staff members responsible for drafting *Vaughn* declarations and indexes in litigation matters continue to be designated as not mission-critical and remain at home. *Id.*

14. Though "a limited number of [RIDS] employees are being permitted to report to the office" (*id.* ¶ 8), the undersigned Assistant United States Attorney ("AUSA") understands from the FBI that the limited number of FBI employees reporting to RIDS to perform work related to FOIPA requests is confined to the mere receipt of incoming requests received by mail or electronically via the eFOIPA portal.  The undersigned AUSA understands further that FOIPA processing, which includes the review and approval of documents for public release, remains suspended as outlined in the attached Seidel Declaration.

15. The FBI respectfully submits that, even if ordered to brief only the outstanding legal issues related to whether the number of responsive records is subject to *Glomar* and the applicability of certain FOIA exemptions, it will not be able to provide declarations to support a Statement of Undisputed Material Fact until RIDS reopens.

16. The undersigned AUSA understands from the FBI that it expects to be able to provide declarations necessary to support a motion for partial summary judgment regarding its responses to Items 6, 7, and 8 within sixty (60) days of RIDS reopening.

17. In light of the above, Defendants propose that:

   a. The FBI file a status report on or before April 13, 2020 advising the Court on whether RIDS has resumed operations

   b. The Court impose the following briefing schedule:

    i. The FBI will move for partial summary judgement regarding its responses to Items 6-8 sixty (60) days after RIDS resumes operations;

    ii. RCFP files its opposition/cross-MSJ 30 days thereafter,

    iii. The FBI replies/cross-opposition 21 days thereafter, and

    iv. RCFP cross-replies (if necessary) 21 days thereafter.

| | |
|---|---|
| Respectfully submitted,<br>THE REPORTERS COMMITTEE FOR<br>  FREEDOM OF THE PRESS<br>/s/ *Katie Townsend*<br>KATIE TOWNSEND, D.C. Bar # 1026115<br>JENNIFER A. NELSON, D.C. Bar #1011387<br>1156 15th Street, NW, Suite 1020<br>Washington, District of Columbia 20005<br>Telephone: 202 795 9300<br>ktownsend@rcfp.org<br>jnelson@rcfp.org<br>*Counsel for Plaintiff* | TIMOTHY J. SHEA, D.C. Bar No. 437437<br>United States Attorney<br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br>By:  /s/ *Sian Jones*<br>SIAN JONES, D.C. Bar No 1024062<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2578<br>Sian.jones@usdoj.gov<br>*Counsel for Defendants* |

Dated: April 2, 2020