UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br>                *Plaintiff*,<br>      v.<br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br>                *Defendants*. | Civil Action No. 17-1701 (RC) |

## JOINT STATUS REPORT

Plaintiff, the Reporters Committee for Freedom of the Press ("RCFP"), and Defendants, the Federal Bureau of Investigation ("FBI") and the United States Department of Justice, submit this joint status report in response to the Court's Minute Order dated April 13, 2020.

1. On August 21, 2017, Plaintiff filed a complaint alleging that Defendants violated the Freedom of Information Act ("FOIA") by not releasing requested records about the FBI's impersonation of documentary filmmakers and film crews. ECF 1, ¶ 2. Specifically, RCFP's FOIA request sought the following categories of records:

    1. All records that mention 'Longbow' or 'Longbow Productions' since January 1, 2010, including but not limited to email communications, case files, training materials, and contracts;
    2. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Burleson*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);
    3. The October 2014 video recording of Mr. Burleson made by FBI agents posing as a documentary film crew;
    4. All records, including but not limited to email communications, concerning or referencing the impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation related to *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN) (D. Nev.);

5. The 'release form' referenced on Page 2 of the Government's Motion to Strike in *United States v. Bundy*, No. 2:16-CR-00046 (PAL) (GMN), ECF. No. 926 (D. Nev. Nov. 2, 2016);

6. All records, including but not limited to email communications, concerning or referencing any other instances of impersonation of a documentary filmmaker and/or a documentary film crew by the FBI in connection with any criminal investigation since January 1, 2010;

7. Records of any 'professional credentials, websites and business cards' used by the FBI agents in connection with the impersonation of a documentary filmmaker and/or a documentary film crew since January 1, 2010; and

8. All records of the FBI's policies and practices concerning the impersonation of documentary filmmakers and/or documentary film crews since January 1, 2010, including records of any changes to those policies and practices.

Compl., ECF 1, ¶ 19.

2. The FBI issued a *Glomar* response with respect to Items 6 and 7, contending that acknowledging the existence *vel non* of responsive records would reveal information protected from disclosure by Exemption 7(E). The parties proposed to file partial summary judgment motions solely on the propriety of the FBI's *Glomar* response, and the Court adopted that proposal. On March 1, 2019, the Court denied Defendants' motion for partial summary judgment and granted Plaintiff's cross-motion for partial summary judgment as to the propriety of Defendants' *Glomar* response. *See* ECF 29.

3. Thereafter, the parties filed joint status reports dated March 18, 2019; April 17, 2019; May 17, 2019; June 17, 2019; July 17, 2019; October 17, 2019; November 26, 2019; January 31, 2020; March 17, 2020; and April 2, 2020 updating the Court on the FBI's search for records responsive to Items 6 and 7 of Plaintiff's FOIA request. In the November 26, 2019 status report, Defendants reported that the FBI had completed its search and "reviewed approximately 125,000 pages of potentially responsive records for responsiveness," and would "begin processing records to determine whether they will be released or withheld as exempt." ECF 36 at ¶ 4.

4. On January 14, 2020, the FBI provided Plaintiff with its first production of records and/or portions thereof responsive to Items 6 and 7 of Plaintiff's FOIA request. Of the 90 pages reviewed by the FBI in connection with that release, 36 pages were deemed by the FBI to be "responsive." Of those 36 pages deemed "responsive" by the FBI, 10 were redacted/withheld in part citing 5 U.S.C. § 552(b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and 26 were withheld in their entirety citing 5 U.S.C. § 552(b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and b(7)(E).

5. On February 5, 2020, the Parties appeared for a status hearing and the Court issued a Minute Order the same day ordering that Defendants should submit to the Court, on or before February 12, 2020, sufficient information to conclude that the FBI's pace of record processing is reasonable. The Court ordered the submission to be made *in camera*, *ex parte*, and under seal.

6. On February 12, 2020, Defendants filed a report *in camera*, *ex parte*, and under seal. ECF No. 39.

7. On March 18, 2020, the Court issued a Minute Order stating that, "[u]pon consideration of [] the parties' Joint Status Report, [ECF 40] it is hereby ORDERED that the parties, on or before April 2, 2020, meet and confer to discuss a reasonable schedule for the production of responsive records in this matter that accounts for any delay due to the closure of the FBI's Records Management Division through March 30, 2020, and, if the FBI's legal position is that it need not disclose any additional documents, it shall propose an immediate briefing schedule without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing)."

8. On April 2, 2020, Defendant informed the Court, supported by the Declaration of Michael G. Seidel, employees of the FBI's Record/Information Dissemination Section ("RIDS"),

where most of the Agency's FOIA review and processing occurs, had been designated not mission-critical and had been sent home as part of the federal government's response to the CODIV-19 pandemic. ECF No. 41 ¶ 13. As a result, Defendant advised, the FBI would not be producing documents pursuant to FOIA and would not be able to draft *Vaughn* declarations and indexes in litigation matters. *Id.* Defendant further stated that, even if ordered to brief only the outstanding legal issues in this case related to whether the number of responsive records is subject to *Glomar* and the applicability of certain FOIA exemptions, it would not be able to provide declarations to support a Statement of Undisputed Material Fact until RIDS reopens. *Id.* ¶ 15. The undersigned AUSA also stated her understanding from the FBI that it expected to be able to provide declarations necessary to support a motion for partial summary judgment regarding its responses to Items 6, 7, and 8 within sixty (60) days of RIDS reopening. *Id.* ¶ 16.

9. One April 6, 2020, the Court issued a Minute Order stating that the FBI shall file a status report on or before April 13, 2020 that advises the Court whether the FBI's Records Management Division (RIDS) has resumed operations. The Court further ordered that the following schedule shall govern summary judgment briefing in this case: The FBI shall file its motion for partial summary judgment regarding its responses to Items 6-8 60 days after RIDS resumes operations; Plaintiff shall file its opposition and cross-motion for summary judgment 30 days thereafter; Defendant shall file its reply and cross-opposition 21 days thereafter; and Plaintiff shall file its cross-reply (if necessary) 21 days thereafter.

10. On April 13, 2020, the FBI filed a status report, supported by the April 9, 2020 Declaration of Michael G. Seidel, stating that it anticipated that RIDS employees would return on a limited basis no earlier than April 27, 2020. ECF No. 42.

11. By Minute Order on April 13, 2020, the Court ordered that the parties should file a joint status report on or before May 13, 2020.

12. **Defendant's Additional Statement:** Defendant respectfully submits the May 12, 2020 Declaration of David M. Hardy ("Hardy Decl.") in support of its statement that, although RIDS resumed FOIA operations in a limited fashion on April 29, 2020, ongoing measures necessary to comply with public health guidance aimed at reducing exposure to the novel coronavirus and the spread of COVID-19 have meant that RIDS is only operating at approximately 25% of its pre-pandemic output. Hardy Decl. ¶¶ 17-21. As a result, Defendant cannot currently estimate when it will be in a position to finalize its review in this matter and provide the declarations and other materials necessary to brief summary judgment. *Id.* ¶¶ 22-23. Given the dynamic situation at present, Defendant asks that a briefing schedule not be set at this time and that it be permitted to file a status report in thirty (30) days. *Id.* ¶¶ 3, 24.

13. **Plaintiff's Position:** As detailed in prior Joint Status Reports submitted to this Court, the FBI is taking the legal position that it need not disclose any additional documents pursuant to Items 6 and 7 of Plaintiff's FOIA Request. *See* ECF No. 41 ¶ 8. Accordingly, per the Court's March 18, 2020 Minute Order, the parties were to "propose an immediate briefing schedule without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing)."

14. Following office closures due to the COVID-19 pandemic, Defendants represented to this Court on April 2, 2020 that, even if ordered to brief only the outstanding legal issues related to whether the number of responsive records is subject to *Glomar* and the applicability of certain

5

FOIA exemptions, Defendants would not be able to provide declarations to support a Statement of Undisputed Material Fact until RIDS reopens. *See* ECF No. 41 ¶ 15.

15.     Following these representations, this Court entered a Minute Order on April 6, 2020, setting a summary judgment briefing schedule in this case. In relevant part, the Court ordered the FBI to file its motion for partial summary judgment 60 days after RIDS resumes operations. *See* April 6 Minute Order.

16.     Per the above-described declaration of David M. Hardy, *supra* ¶ 12, RIDS resumed operations on April 29, 2020. Despite this, Defendants maintain that summary judgment briefing of the relevant legal issues in the above-captioned case should nonetheless continue to be indefinitely stayed because "Defendant cannot currently estimate when it will be in a position to finalize its review in this matter and provide the declarations and other materials necessary to brief summary judgment." *Id.*

17.     As this Court has previously ordered, however, the parties are to engage in summary judgment briefing "without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing)." March 18 Minute Order.

18.     Plaintiff thereby respectfully represents that, regardless of whether the FBI's review and processing of the remaining records is extended as a result of RIDS' current operational status, there is no basis for the FBI's position that the parties cannot move forward with immediately briefing the relevant legal issues, in accordance with the Court's March 18 Minute Order and April 6 Scheduling Order. The issues to be briefed to the Court are purely legal: *i.e.*, whether Defendants may be permitted to withhold, pursuant to *Glomar*, the number of records it identified as responsive to Items 6 and 7 of Plaintiff's FOIA request, and the purported

applicability of certain FOIA exemptions to the records Defendants seek to withhold.  Given that employees of RIDS continue to report to work, and given that the operational capacity for RIDS has increased as of April 29, 2020, counsel for the FBI should be able to obtain any limited information from RIDS it requires to promptly brief these legal issues and prepare a declaration in support of its Statement of Material Facts, particularly given the generous timeline of 60 days provided by the Court.

19. This matter has been pending since August 2017.  *See* ECF 1.  This Court denied Defendants' earlier attempt to assert a *Glomar* response to Items 6 and 7 of Plaintiff's FOIA request more than one year ago.  *See* ECF 29.  Continued delay of this litigation should not be permitted.

20. In light of the above, and in light of the previous scheduling order entered by this Court, Plaintiff proposes that the Court enter the following revised briefing schedule:

    i. <u>Defendants' Motion for Summary Judgment:</u>  June 29, 2020

    ii. <u>Plaintiff's Combined Opposition and Cross-Motion for Summary Judgment:</u>  July 29, 2020

    iii. <u>Defendants' Combined Reply and Opposition to Plaintiff's Cross-Motion for Summary Judgment:</u>  August 19, 2020

    iv. <u>Plaintiff's Reply:</u>  September 9, 2020

| | |
|---|---|
| Respectfully submitted,<br>THE REPORTERS COMMITTEE FOR<br>  FREEDOM OF THE PRESS<br>/s/ *Katie Townsend*<br>KATIE TOWNSEND, D.C. Bar # 1026115<br>JENNIFER A. NELSON, D.C. Bar #1011387<br>1156 15th Street, NW, Suite 1020<br>Washington, District of Columbia 20005<br>Telephone: 202 795 9300<br>ktownsend@rcfp.org<br>jnelson@rcfp.org<br>*Counsel for Plaintiff* | TIMOTHY J. SHEA, D.C. Bar No. 437437<br>United States Attorney<br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br>By:   /s/ *Sian Jones*<br>SIAN JONES, D.C. Bar No 1024062<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2578<br>Sian.jones@usdoj.gov<br>*Counsel for Defendants* |

Dated: May 13, 2020