UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS,<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.*,<br><br>*Defendants.* | Civil Action No. 17-1701 (RC) |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME</u>

Plaintiff Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully opposes Defendants' June 25, 2020 Motion for Extension of Time, ECF 44.  In opposition, the Reporters Committee states as follows:

1.    This Freedom of Information Act ("FOIA") case has been pending since August 2017. The Court denied Defendants' last motion for summary judgment, in which it attempted to assert a *Glomar* response to Items 6 and 7 of Plaintiff's FOIA request, approximately 15 months ago.  ECF No. 29.  After eight months of searching for relevant records, and an additional two months to review and process 90 pages of responsive records, the Federal Bureau of Investigation ("FBI") made a single production consisting of 10 heavily-redacted pages in January 2020.  *See* ECF No. 36 at ¶ 4.[1]  The FBI has released no additional responsive records in the six months since.

---

[1] Paragraph 18 of the Third Declaration of Michael G. Seidel, filed concurrently with Defendants' Motion for Extension of Time, inaccurately states that the FBI released 36 pages of records in its January 2020 production.  ECF 44-1 at ¶ 18.  It identified 36 pages of records as responsive to Plaintiff's request; it withheld 26 of those pages in full.  ECF No. 36 at ¶ 4.

2.      On April 2, 2020, Defendants asked this Court to indefinitely stay proceedings in this matter pending the fully resumed operations of the FBI's Record/Information Dissemination Section ("RIDS"), which Defendants represented was operating at a limited capacity due to the ongoing coronavirus pandemic.  ECF 41 at ¶ 13.  In support of their request, Defendants represented that "even if ordered to brief only the outstanding legal issues in this case related to whether the number of responsive records is subject to *Glomar* and the applicability of certain FOIA exemptions, it would not be able to provide declarations to support a Statement of Undisputed Material Fact until RIDS reopens."  *Id.* ¶ 15.

3.      Counsel further represented that the FBI "expected to be able to provide declarations necessary to support a motion for partial summary judgment regarding its responses to Items 6, 7, and 8 within sixty (60) days of RIDS reopening."  *Id.* ¶ 16.

4.      RIDS resumed FOIA operations in a limited fashion on April 29, 2020.  ECF 43 at ¶ 12.

5.      On May 13, 2020, Defendants again asked this Court to indefinitely stay summary judgment briefing in this matter, citing limited staffing of RIDS.  *Id.*

6.      On May 14, 2020, the Court entered a Minute Order rejecting Defendants' request and setting a summary judgment briefing schedule.   Minute Order, May 14, 2020.  In that Order, the Court stated that it "seeks to prioritize this case in which the issues are primarily legal."  *Id.*  The Court "adopt[ed] this schedule mindful that the FBI's current capacity is partial and limited" given that RIDS was not yet operating at full capacity in May 2020 due to the coronavirus pandemic, and directed the FBI to "devote some of its limited capacity to supporting the lawyers in briefing the legal issues in this case."  *Id.*

7.      RIDS resumed full operations on June 8, 2020.  ECF 44-1 at ¶ 16.

8.  According to Defendants, RIDS has already determined that the records identified as responsive to Items 6 and 7 of Plaintiff's FOIA request are "categorically exempt pursuant to FOIA exemption 7(E) and no additional information could be segregated for release." *Id.* ¶ 18.

9.  And, per this Court's prior Minute Order, Defendants are required to file their summary judgment brief "without awaiting the review and processing of the remainder of the documents[.]" March 18 Minute Order.

10. Now, four days prior to their filing deadline, Defendants seek a 31-day extension to file their partial motion for summary judgment, citing a need to, *inter alia*, "complete the necessary document review" to support their partial motion for summary judgment. ECF 44 at ¶ 13.a. Specifically, Defendants cite the need to conduct a document-by-document review of records it has already determined are categorically exempt from release, as well as the need to prepare "an *in camera ex parte Vaughn* declaration and an *in camera ex parte Vaughn* index" for the Court. ECF 44-1 at ¶ 20.

11. This position ignores the Court's explicit order, which instructed the parties to brief the legal issues in this case "without awaiting the review and processing of the remainder of the documents (which review and processing shall continue at the previously disclosed pace simultaneous to any briefing)." March 18 Minute Order.

12. Counsel for Defendants also states, for the first time, that she must obtain "SECRET security clearance to review and handle certain material to be filed in support of Defendants' motion for Partial Summary Judgment," ECF 44 at ¶ 13.b., yet offers no explanation as to how this prohibits Defendants from briefing the "primarily legal" issues

in this case, Minute Order, May 14, 2020, or why counsel is just now, four days before Defendants' filing deadline, bringing this issue to the attention of the Court.

13. Defendants raise substantively the same arguments for further delaying briefing in this case that were considered, and rejected, by this Court in its prior Minute Order. Extensions are inappropriate where, as here, Defendants have previously requested an extension "for substantially identical concerns that Defendants' counsel now raises." Minute Order Denying Motion for Extension, No. 1:18-cv-155-TNM (D.D.C. May 6, 2020).

14. For the above stated reasons, Defendants have failed to establish good cause necessary to justify their requested 31-day extension and Plaintiff respectfully asks this Court to deny Defendants' Motion for Extension of Time.

Dated:  June 25, 2020

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
Jennifer A. Nelson
DC Bar No. 1011387
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org
Email: jnelson@rcfp.org

*Counsel for Plaintiff*